UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| RYAN CAMPBELL, | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) No.: 22-cv-3079-MMM |
| | ) |
| HOPP, *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se*, files a complaint under 42 U.S.C. § 1983 alleging that Defendants were deliberately indifferent to his serious dental needs in violation of the Eighth Amendment while he was incarcerated at Lincoln Correctional Center ("Lincoln").

The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## FACTS

Plaintiff arrived at Lincoln on November 9, 2021. Beginning on November 12, 2021, he submitted multiple requests for sick calls to address dental issues. Specifically, Plaintiff claims that he was in pain and had difficulty eating; the root of his tooth was exposed because of a receding gumline; and there was blood and pus coming from his swollen gums. Plaintiff alleges that the

dentists at Lincoln, Defendants Crawford and Milanez, denied his requests for a gum graph and partial tooth.

Defendant Crawford examined Plaintiff's bleeding and swollen gums and arranged for an x-ray of Plaintiff's bottom lower left tooth on February 5, 2022. Defendant Crawford informed Plaintiff that his tooth was "fine," but he had an infection and needed a gum graph to correct his failing gumline. He advised Plaintiff that his tooth should not be pulled and replaced with a partial tooth because he would still have the same problems with his gumline. Plaintiff asked Defendant Crawford to submit a request for a referral for outside dental treatment and a gum graph to Defendant L. Hopp, the Healthcare Administrator at Lincoln.

On February 15, 2022, Defendant Milanez examined Plaintiff and confirmed that his gums were swollen, bleeding, and infected. He prescribed penicillin for one week and told Plaintiff that a gum graph could be performed when the infection subsided.

During an examination with Defendant Crawford on February 26, 2022, Plaintiff informed him that he was still in pain and inquired about the status of a referral for outside dental treatment. Defendant Crawford allegedly told Plaintiff that the Chief Dentist, an unnamed Defendant, denied the referral request and recommended that Plaintiff use Sensodyne toothpaste.

During an examination on March 8, 2022, Defendant Milanez informed Plaintiff that his gumline had fallen below the root of his tooth. Plaintiff received an x-ray, and Defendant Milanez allegedly told Plaintiff that his tooth was "fine" and there were no cavities. Defendant Milanez then patched the root of the tooth with a filling and advised Plaintiff to avoid brushing where his gumline had fallen.

On April 27, 2022, Plaintiff had a dental sick call visit with Defendant Milanez, who gave him Sensodyne toothpaste. Plaintiff informed him that the toothpaste was not working and inquired about a gum graph. Milanez told Plaintiff that he would "make a call."

On April 29, 2022, Plaintiff seen by an unnamed dental assistant because the filling over the root of his tooth had fallen out; he was in pain; and his gums were bleeding.

Finally, Plaintiff claims that he submitted several grievances regarding his dental issues, but Defendant Hopp allegedly made no attempt to resolve his need for dental treatment and did not respond to some of his grievances.

**ANALYSIS**

To plead an Eighth Amendment claim for deliberate indifference to a serious medical need, a complaint must allege (1) an objectively serious medical condition and (2) a prison official's deliberate indifference to that condition. *Johnson v. Snyder*, 444 F.3d 579, 584 (7th Cir. 2006). A medical need is objectively "serious" where it has either "been diagnosed by a physician as mandating treatment" or where the need is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). To establish deliberate indifference, a plaintiff "must demonstrate that prison officials acted with a 'sufficiently culpable state of mind.'" *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). "[I]t is enough to show that the defendants knew of a substantial risk of harm to the inmate and disregarded the risk." *Greeno*, 414 F.3d at 653 (citing *Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002)).

The failure to refer is deliberately indifferent only if "blatantly inappropriate." *Pyles v. Fahim*, 771 F.3d 403, 411-12 (7th Cir. 2014) (healthcare providers may exercise their medical judgment when deciding whether to refer a prisoner to a specialist). Denying a referral in favor of

3

"easier and less efficacious treatment" may be blatantly inappropriate if it does not reflect sound professional judgment. *Petties v. Carter*, 836 F.3d 722, 729-30 (7th Cir. 2016), *as amended* (Aug. 25, 2016).

The Seventh Circuit has recognized that dental care, specifically, is "one of the most important medical needs of inmates." *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001). "Not all dental pain qualifies as objectively serious under this standard. Courts have generally found that dental pain is sufficiently serious only when it is accompanied by other harm, such as recession of the gums, tooth decay, or difficulty eating." *Whitney v. Khan*, 330 F.R.D. 172, 179 (N.D. Ill. 2019) (citing *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016)).

In addition to experiencing dental pain on a daily basis, Plaintiff alleges that he is unable to properly chew his food; his gums are bleeding, swollen, and receding; and he was diagnosed with an infection. Thus, Plaintiff's allegations suffice to meet the objective showing that he has a serious medical condition.

The remaining question is whether he has sufficiently alleged deliberate indifference on the part of the various Defendants. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participating in a constitutional deprivation." *Pepper v. Vill. of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). At this juncture, the Court finds that the complaint sets forth facts sufficient to support a deliberate indifference claim against Defendants.

**IT IS THEREFORE ORDERED:**

1)    Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states an Eighth Amendment deliberate indifference claim against Defendants Hopp, Milanez, Crawford, and the unidentified Chief Dentist. Additional claims shall not be

included in the case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

2)   Regarding the unidentified Chief Dentist, Plaintiff is advised that unnamed parties cannot be served. Plaintiff is placed on notice that it will be his responsibility, through initial disclosures and discovery, to identify the Chief Dentist. The failure to do so will result in the dismissal of the Chief Dentist.

3)   This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendants before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

4)   The Court will attempt service on Defendants by mailing a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

5)   If Defendants no longer work at the address Plaintiff provided, the entity for whom Defendants worked while at that address shall submit to the Clerk Defendants' current work address, or, if not known, Defendants' forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6)   Defendants shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses

appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' position. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the answer is necessary or will be considered.

7)  This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendants' counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

8)  Counsel for Defendants are hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the deposition. Plaintiff shall be provided a copy of all pertinent medical records upon request.

9)  Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10)  If Defendants fail to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the

U.S. Marshals Service on Defendants and will require Defendants to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

11) Within 10 days of receiving from defense counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to defense counsel. The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

12) The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

ENTERED: July 26, 2022

s/ Michael M. Mihm  
Michael M. Mihm  
United States District Judge